IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROQUE ARANDA TERCERO,

    Plaintiff,

    v.                                                                                            No. CV 12-0050 RB/LFG

"OFFICER" BACA, "OFFICER" ROQUE,
"OFFICER" WILLIAMS, ETC, ETC,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is an alien detainee, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington*

*v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was crossing the international bridge into the United States at El Paso, Texas, when Defendants Baca and Roque arrested him for illegal re-entry. He denies the criminal charges and asserts claims of false imprisonment, intentional infliction of emotional distress, and federal torts. He seeks damages and equitable relief.

Plaintiff's complaint names Texas citizens as Defendants and complains of events that occurred in Texas. The Court has the discretion to dismiss or transfer a complaint *sua sponte* under 28 U.S.C. § 1915A(a) for improper venue. *See Brown v. Cal. Dep't of Corrections*, No. C03-2526 CRB(PR), 2003 WL 21321362, at *1 (N.D. Cal. June 4, 2003). Because no Defendant resides in this District and none of the alleged events occurred here, venue is improper in this District. *See* 28 U.S.C. § 1391(b); *Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Under these circumstances, Plaintiff's complaint could be transferred to Texas under 28 U.S.C. § 1406(a), *see Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1520-21 (10th Cir. 1991), or dismissed, *see Brown*, 2003 WL 21321362, at *1; *Robinson*, 155 F.R.D. at 536 n.1.

The Court of Appeals for the Tenth Circuit has described several factors that a district court should consider in determining whether to transfer or dismiss a complaint in this circumstance. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006). These factors are (1) whether a new action against the non-resident defendants would be time barred at this point, *see Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000); (2) whether Plaintiff's claims "are likely to have merit," *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4; and (3) whether the instant action was filed in good faith. *See Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench*

*Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996).

Here, the Court considers the *Trujillo* factors in light of another case filed by Plaintiff. In *Tercero v. Comisario*, No. CV 11-0982 MCA/LAM, the Court took notice of Plaintiff's "abusive pattern of filing frivolous lawsuits. . . . and that [f]iling restrictions have been imposed against him . . . by both state and federal courts, including the United States Supreme Court." No. CV 11-0982 MCA/LAM, Doc. 8. The Court then dismissed Plaintiff's complaint in that case and imposed filing restrictions against him. Even assuming for purposes of this order that the claims asserted by Plaintiff in this case are time barred at this point, *see Trujillo*, 465 F.3d at 1223 n. 16, his history of abusive litigation weighs conclusively in favor of dismissal rather than transfer, *see id.* Furthermore, Plaintiff's proposed amended pleadings would be futile, *see United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009), and, accordingly, the Court will dismiss the complaint without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice for improper venue, and pending motions are DENIED as moot;

IT IS FURTHER ORDERED that, pursuant to the filing restrictions imposed in *Tercero v. Comisario*, No. CV 11-0982 MCA/LAM, the Clerk is directed to return without filing any further documents submitted for filing in this case except a notice of appeal, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE